ALICE M. BATCHELDER, Circuit Judge,
concurring.
While I agree with the lead opinion that we must reverse the district court’s grant of summary judgment and remand the case for further proceedings, I disagree with its reasoning in reaching this result. The lead opinion believes that Beery has *136 produced direct evidence that AHP regarded him as disabled. I, however, do not think Beery has presented direct evidence to establish his claim of unlawful employment discrimination, and instead would apply the McDonnell Douglas burden-shifting approach. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).
Direct evidence is evidence that “does not require the fact finder to draw any inferences to reach th[e] conclusion” that “unlawful discrimination was at least a motivating factor in the employer’s actions.” Amini v. Oberlin College, 440 F.3d 350, 359 (6th Cir.2006). “Such evidence would take the form, for example, of an employer telling an employee, ‘I fired you because you are disabled.’” Smith v. Chrysler Corp., 155 F.3d 799, 805 (6th Cir.1998). Our circuit has acknowledged that “rarely will there be direct evidence from the lips of the defendant proclaiming his or her [discriminatory] animus,” see Robinson v. Runyon, 149 F.3d 507, 513 (6th Cir.1998), and I would find that Beery has not presented such evidence here.
The lead opinion’s summary of the facts acknowledges that AHP “concluded that the [doctor-imposed] prohibition on side-to-side twisting meant that Beery was unable to perform ... any and all positions that were available in the plant.” Op. at 131. AHP thus “told [Beery] that [it] had no work for him consistent with his treating physician’s stated restrictions and, therefore, was terminating his employment.” Id. (emphasis added). Based on these facts, the lead opinion concludes that “Beery’s proffered evidence is as direct as possible: he was told in no uncertain terms that he was being discharged because AHP could not accommodate his condition.” Id. at If 19. I do not agree with this conclusion. As recognized in the lead opinion’s own rendition of the facts, AHP did not tell Beery that he was being discharged because AHP could not accommodate his physical condition but, rather, because AHP could not accommodate his doctor-imposed work restrictions.
The lead opinion’s analysis erroneously conflates AHP’s perception of the severity of Beery’s physical impairment with AHP’s interpretation of the extent of Beery’s doctor-imposed work restrictions. The former involves AHP’s assessment of Beery’s physical condition, and the latter involves AHP’s assessment of Dr. Raj’s (i.e., Beery’s doctor’s) statements. Beery has not presented any of the former evidence, by alleging, for example, that an AHP decision-maker stated, “I am firing you because I think that you are physically unable to perform any available position in our manufacturing plant.” In contrast, Beery has presented only the latter kind of evidence, establishing that an AHP decision-maker “called Beery and told him that AHP had no work for him consistent with his treating physician’s stated restrictions.” Op. at 131. Because the law does not prohibit AHP from firing Beery based on the fact that it did not have any available positions he could perform in light of his work restrictions, I would find that this is not a case involving direct evidence of discrimination. A fact-finder must make at least one inference when starting from this evidence—i.e., AHP’s reliance on Beery’s doctor-imposed work restrictions—and arriving at the conclusion that AHP unlawfully perceived Beery as disabled; namely, the fact-finder must infer that in making the termination decision AHP did not rely merely on the doctor’s statements that Beery could not twist from side to side, but that AHP actually perceived that Beery could not twist from side to side (i.e., that he was physically impaired) and that this perceived inability to twist prevented him from performing a broad category of jobs (i.e., substantially *137 limited a major life activity). See Sutton v. United Air Lines, Inc., 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). Because a fact-finder must draw inferences to conclude that “unlawful discrimination was ... a motivating factor in [AHP’s] actions,” Amini, 440 F.3d at 359, I find that this case does not involve direct evidence of disability discrimination.
Under both Ohio and federal law, it is unlawful for an employer to terminate an employee because the employer irrationally or incorrectly regards the employee as disabled. See Ohio Rev.Code §§ 4112.02(A), 4112.01(A)(13); 42 U.S.C. §§ 12112(a), 12102(2)(C). The policy underlying these laws is furthered when employers remain well informed concerning their employees’ physical and mental impairments, often conveyed through doctors’ diagnoses, notes, and letters. Accordingly, the law generally encourages employers to ask for, rely on, and comply with doctor-imposed medical restrictions. See Blair v. Honda of America Mfg., Inc., No. 14-01-33, 2002 WL 396531 (Ohio Ct. App. March 14, 2002). In the present case, AHP actively sought to comply with the work restrictions imposed by Dr. Raj and even asked Beery to provide additional documentation lessening, or at the very least clarifying, his work restrictions. Beery, however, refused to provide further documentation, and AHP concluded, based on its interpretation of Dr. Raj’s ambiguous work restrictions, that Beery was unable to perform any available positions. The lead opinion concludes that AHP’s attempt to comply with Beery’s doctor-imposed work restrictions amounts to direct evidence of disability discrimination; this conclusion effectively punishes AHP for attempting to comply with Beery’s work restrictions, which is an unfortunate message to send to employers.
To be sure, AHP’s proffered reasons for Beery’s termination—i.e., that, in light of its broad, and perhaps erroneous, reading of Dr. Raj’s restrictions, it did not have any positions that Beery could perform— provides circumstantial evidence that AHP actually perceived Beery to be substantially limited in the major life activity of working. Based upon this and other evidence, I find that Beery has provided enough circumstantial evidence to withstand AHP’s motion for summary judgment and agree with the lead opinion that this case should be remanded for further proceedings. But I simply do not believe that Beery has produced any direct evidence to establish his claim.